

# THE ATTORNEY GENERAL
# OF TEXAS

**JOHN L. HILL**
**ATTORNEY GENERAL**

AUSTIN, TEXAS 78711

October 1, 1973

The Honorable Robert Buntyn
Castro County Attorney
Dimmitt, Texas 79027

Opinion No. H- 114

Re: Whether or not a housing
authority created under
the provisions of § 23a of
Article 1269k, V. T. C. S.,
could operate a project
within the city limits of
Dear Mr. Buntyn:                           the City of Dimmitt, Texas

        Your request for our opinion brings into focus an apparent conflict
between §§ 23a and 23c of Article 1269k, Vernon's Texas Civil Statutes,
the Housing Authorities Law. Counties are authorized by § 23a to create
county housing authorities. The concluding sentence of that section is:

> "The area of operation of a housing authority
> created for a county shall include all of the county
> in which it is created except that portion of the
> county which lies within the territorial boundaries
> of any city. "

        Section 23c of the statute, as originally enacted, authorized the
operation of regional housing authorities comprised of two or more counties.
It still does, but, as amended in 1971 (Acts 1971, 62nd Leg., Ch. 976,
p. 2948), it was made to read, in part:

> "The area of operation of a regional housing
> authority shall include all of the counties for
> which such regional housing authority is created
> and established except that portion of the counties
> which lies within the territorial boundaries of any
> city. Provided that a county or regional housing
> authority shall not undertake any housing project

or projects within the boundaries of any city unless
a resolution shall have been adopted by the govern-
ing body of such city (and also by any housing autho-
rity which shall have been theretofore established
and authorized to exercise its powers in such city)
declaring that there is a need for the county or
regional housing authority to exercise its powers
within such city."

The amending act is entitled in part: "An Act Relating to the Area
of Operation of a County or Regional Housing Authority. . . ."

In our opinion, § 23a of Article 1269k is not inconsistent with the
provisions of the amended § 23c. Normally a county housing authority may
not operate within the limits of a city. However, a county housing authority
may undertake a housing project within the boundaries of a city if the govern-
ing bodies of the city and of any housing authority theretofore established
within the city shall have adopted a resolution declaring that there is a need
for the county housing authority to exercise its powers within the city.

Since your letter refers to the existence of a housing project within
the City of Dimmitt at the present time, we assume that there is an existing
housing authority within such city. Therefore, for a county housing autho-
rity to take over the existing project would require a resolution of the
governing body of the City of Dimmitt and also of the Dimmitt Housing Autho-
rity declaring the need of a Castro County Housing Authority there to exercise
its powers within the city.

Our construction of the statute is reinforced by the adoption in 1971
of the Interlocal Cooperation Act [Article 4413 (32c), V. T. C. S.], the pur-
pose of which is "to improve the efficiency and effectiveness of local gov-
ernments by authorizing the fullest possible range of intergovernmental
contracting authority at the local level, including contracts between counties
and cities. . . ."

## SUMMARY

Under § 23c of Article 1269k, Vernon's Texas
Civil Statutes, a county housing authority is authorized

to exercise its authority within the boundaries of a city provided both the city government, as well as the governing body of any housing authority existing within the city, adopt resolutions declaring a need for the county housing authority to so exercise its powers within the city.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee